UNITED STATES of America, Appellee,

v.

Tommie Lewis PENSON, Appellant.

No. 88-2640.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Jan. 12, 1990.

Charles E. Kirksey, Jr., St. Louis, Mo., for appellant.

Steven A. Muchnick, St. Louis, Mo., for appellee.

Before McMILLIAN and FAGG, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Penson appeals the sentence he received pursuant to the Sentencing Guidelines. He argues that there was insufficient evidence to support either a finding that he possessed a counterfeiting device or a finding that he obstructed justice, and that the sentencing court failed to comply with Fed. R.Crim.Proc. 32(c)(3)(D). For reasons discussed below, we affirm.

## BACKGROUND

Penson pled guilty, pursuant to a plea agreement,[1] to the dealing in and the utter-

---

1. The plea agreement reads as follows:
   STIPULATION OF THE FACTS PURSUANT TO SECTION 6B1.4 OF THE SENTENCING GUIDELINES AND POLICY STATEMENTS
   Come now the United States of America ... and Tommie Lewis Penson, individually and by and through his attorney, and submit the

written stipulation of facts mandated by the Administrative Order of Court dated January 28, 1988.
   I. *Facts and Circumstances of the Offense and Offender Characteristics*
   On December 8, 1987, defendant Tommie Lewis Penson sold and delivered a quantity of

ing of counterfeit obligations or securities and the conspiracy to deal in counterfeit obligations or securities. In return for the plea to the above counts, the government agreed to dismiss similar counts arising out of the same transaction, although the dismissed counts involved additional amounts.[2] In accordance with section 6B1.4 of the Guidelines, a written stipulation was proffered to the court as part of the plea agreement. Penson's counsel explained to Penson that if he pled guilty, the court could take into consideration the factors listed in part II, paragraphs 2, 3 and 4 of the stipulation in computing the sentence. He also informed Penson of the sentence that Penson would be likely to receive under the Guidelines in the event that the court adversely decided the factual issues expressed in the above-mentioned paragraphs. Neither defendant's counsel nor the defendant challenged this application of the Guidelines in the district court or before this court on due process grounds. *See United States v. Roberts*, 726 F.Supp. 1359 (D.D.C.1989) (holding that the Sentencing Guidelines violate due process). The government and the defendant both reserve the right to address the court at the time of sentencing with respect to the areas of disagreement and any other matters. The district court did not discuss the sentence that Penson would be apt to receive under the Guidelines. It simply informed Penson of the maximum penalty that could be imposed under the statute. No challenge is made to that procedure on this appeal.

The probation office prepared a presentence report calculating the applicable sentence under the Guidelines. Following review of this report, Penson objected to certain matters.[3] The government had no objections. The sentencing court held an evidentiary hearing and denied all of Penson's objections to the presentence report. Although the two offenses to which Penson pled guilty have separate guidelines, section 3D1.2(b)(1) provides that when the offense of conviction are of the same kind, the separate offenses are grouped together and treated as constituting a single offense. Thus, the base offense level was nine (§ 2B5.1). The offense level was then raised to fifteen because the court found that Penson possessed a counterfeiting device, a paper cutter, pursuant to U.S.S.G. § 2B5.1(b)(2), which provides:

> If the defendant manufactured or produced any counterfeit obligation or security of the United States, or possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting, and the offense level as

counterfeit United States Federal Reserve Notes, with the exact amount unknown, but believed to be approximately $15,000. Defendant received these notes from a man named Lawrence Sanders.

As of the date that this stipulation is filed with the Court, neither the Government nor the defendant is aware of any prior criminal record of the defendant which would be relevant in determining defendant's criminal history. Should the Government subsequently become aware that defendant has a relevant criminal record, it will provide such information to the Probation Office immediately.

II. *Areas of Disagreement*

1. The parties disagree as to whether or not defendant is entitled to the two level reduction provided for in Section 3E1.1 for Acceptance of Responsibility.

2. The parties disagree as to whether or not the base offense level of the offense as determined in Section 2B5.1 should be increased to Level 15 because the parties disagree as to whether the defendant may have had custody or control of a counterfeiting device or materials used for counterfeiting.

3. The parties disagree as to whether or not on December 10, 1987, defendant sold or delivered a quantity of counterfeit United States currency with the exact amount unknown but believed to be approximately $18,000 to a man named Clarence Terry.

4. The parties disagree as to whether the offense levels should be increased by two levels pursuant to Section 3C1.1 for attempting to impede or obstruct the administration of justice during the investigation or prosecution of the offense.

2. The counts to which defendant pled guilty involved $15,000 in counterfeit currency. The dismissed counts involved another $18,200 for a total of $33,200 in counterfeit items.

3. Penson objected to the following findings recommended by the probation office: (1) that the amount involved totaled $33,200; (2) that Penson possessed a counterfeiting device; and (3) that Penson obstructed justice.

determined is less than 15, increase to 15.[4]

Two more points were added because the court found Penson had obstructed justice (§ 3C1.1), giving a total offense conduct level of seventeen.[5] Because Penson has no past criminal convictions, his criminal history category is one. Based on a total offense level of seventeen and a criminal history category of one, the guideline imprisonment range is twenty-four to thirty months. If there is imprisonment for more than one year, supervised release is required, with the terms for a Class C Felony being two years (§ 5D3.2(b)(2)).

The court sentenced Penson to twenty-six months on each of the two counts, ordering the sentences to be served concurrently and followed by a two-year period of supervised release.

## DISCUSSION

### I. THE PAPER CUTTER

■ The principal argument Penson raises is that the district court erred by enhancing his sentence because he possessed a counterfeiting device. We note initially that the written plea agreement specifically left open the question as to whether the base level of Penson's offense should be increased to level fifteen because Penson may have possessed a counterfeiting device or materials used for counterfeiting. Penson now contends that only inadmissible hearsay evidence was presented to establish he had possession of the paper cutter. The record belies this contention. Penson admitted in a statement to a federal agent that he gave Lawrence Sanders, another person involved in this counterfeiting operation, a paper cutter which he believed that Sanders intended to use in the counterfeiting operation. See Fed.R.Evid. 801(d)(2)(A) (a statement is not hearsay if the statement is the party's own statement). This admission is sufficient evidence to support a finding that Penson provided the paper cutter.

### II. OBSTRUCTION OF JUSTICE

■ Penson next argues that the sentencing court clearly erred by enhancing his sentence for obstructing justice. He asserts that his right to due process was violated because the enhancement was based solely on uncorroborated hearsay evidence lacking sufficient indicia of reliability to support its probable accuracy. We disagree. Sufficient reliable evidence exists to prove obstruction of justice.[6]

The evidence shows that Penson attempted to mislead Secret Service agents by providing false information as to the source of his knowledge and by advising them not to go to the trailer where the counterfeit money was being made. Upon questioning, Penson gave to the agents names of persons associated with a union in order to deflect attention from the true source of his knowledge of the counterfeiting activity. In response to this information, the agents delayed their investigation of Penson by interviewing union officials.[7] In addition and of more importance, the evidence also shows that Penson threatened a witness. This evidence is reliable because of the likelihood that Penson instigated the threat, since the person who relayed the threat possessed the complaint against Penson. Penson was the only person, other than those at the court, to have a copy of that complaint.

**4.** The court had earlier added four points because it found that Penson had counterfeited a total of $33,200. We do not consider whether it was proper for the court to do this because the increase had no bearing on the sentence that the defendant ultimately received.

**5.** Points for obstructing justice are added after a determination of the points for the offense conduct. See U.S.S.G. § 1B1.1(b), (c).

**6.** It is not yet determined whether due process requires enhancements to be proved beyond a reasonable doubt. In this case, however, there is more than sufficient evidence to satisfy even the most stringent standard of proof.

**7.** If the agents knew that the particular union officials were not involved or ignored Penson's statement, we would be hard pressed to find, on the basis of these false statements alone, that Penson obstructed justice because there was no material effect on either the government's investigation or prosecution.

### III. COMPLIANCE WITH FED.R.CRIM. PROC. 32(c)(3)(D)

Penson's last complaint is that the sentencing court failed to apply the correct standard of proof in determining whether Penson possessed a counterfeiting device and whether he obstructed justice. We do not reach this question because Penson admitted his possession of a counterfeiting device raising his offense level to 15, thereby negating the dispute over the amount counterfeited, and because more than sufficient evidence exists, under even a reasonable doubt standard, to support the conclusion that Penson obstructed justice. *See supra* note 6.

In sum, Penson's sentence is affirmed.